

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN 0 5 2004

By_____ Deputy
J.T. NOBLIN, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ] ] ] | |
| Plaintiff, | ] | CIVIL ACTION NO. |
| | ] | |
| v. | ] | |
| | ] | 1:02CV91GR |
| | ] | |
| M&W and Associates, Inc. | ] | |
| | ] | |
| Defendant | ] | |

---

### PLAINTIFF EEOC'S MOTION IN LIMINE NO. 1  TO PROHIBIT MENTION OR EVIDENCE OF HEATHER CUMMIN'S TERMINATION BY A SUBSEQUENT EMPLOYER, MAGNOLIA MEDICAL CLINIC

Comes now Plaintiff Equal Employment Opportunity Commission (EEOC) and moves the Court to prevent Defendant from mentioning or introducing evidence or eliciting testimony regarding Heather Cummins' termination by a subsequent employer, Magnolia Medical Clinic.  None of the claims made by the EEOC or the defenses asserted by M&W and Associates in this matter relate in any manner to the reason for Ms. Cummins termination from Magnolia Medical Clinic.

Any evidence related to Ms. Cummins' termination from  Magnolia Medical Clinic is irrelevant and inadmissable as to the material issues in this case.  Federal Rules Of Evidence 401 and 402.  Furthermore, even if arguably relevant, Federal Rule of Evidence 403 dictates its exclusion as its probative value would be far outweighed by the confusion and prejudice its admission would cause the jury.

102

Defendant may argue that the evidence is admissible to challenge Ms. Cummins' credibility. Ms. Cummins testified in deposition that she was told that she was being terminated from her employment with Magnolia Medical Clinic for a reason different than that stated in a record obtained by Defendant from Magnolia Medical Clinic. Such extrinsic evidence of specific instances of conduct is inadmissable to prove character. Federal Rule of Evidence 608(b).

The reason for Heather Cummins' termination from Magnolia Medical Clinic has no bearing on the material issues in this case and a contradiction (if any) in Ms. Cummins' deposition testimony regarding this matter will have to be shown through extrinsic evidence. Therefore, any evidence related to Ms. Cummins' reason for ending her employment with Magnolia Medical Clinic should be excluded under Federal Rules of Evidence 401, 402 and/or 403 as irrelevant, inadmissable and/or, under Federal Rule of Evidence 608(b), as extrinsic evidence offered to prove a specific instance of conduct for the purpose of attacking Ms. Cummins' credibility.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully moves this Court for an Order holding that the Defendant is not entitled to introduce any evidence or elicit any testimony related to Heather Cummins' termination by a subsequent employer, Magnolia Medical Clinic; and that, if at any time during the course of the trial, the Defendant's counsel feels that developments have opened the door for the admission of such evidence and/or testimony that they first ask the Court for a ruling out of the presence of the hearing of the jury.

Respectfully submitted,

**ERIC S. DREIBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C.  20507

**CHARLES E. GUERRIER**
Regional Attorney

**PRISCA DELEONARDO**
AL Bar # ASB - 6535 - D67P
Supervisory Trial Attorney

**PAMELA K. AGEE**
AL Bar # ASB-1713-A52P
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street S, Suite 2000
Birmingham, AL  35203-2397
Telephone:  (205) 731-1299

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record by First Class U.S. Mail, postage prepaid.

**DONE** this 30th day of December, 2003

PAMELA K. AGEE