

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN 0 5 2004

J.T. NOBLIN, CLERK
By_____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY ]
COMMISSION                   ]
                             ]
        Plaintiff,           ]        CIVIL ACTION NO.
                             ]
v.                           ]
                             ]
                             ]        1:02CV91GR
                             ]
M&W and Associates, Inc.     ]
                             ]
        Defendant            ]

---

### PLAINTIFF EEOC'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 TO PROHIBIT MENTION OR EVIDENCE OF HEATHER CUMMIN'S TERMINATION BY A SUBSEQUENT EMPLOYER, MAGNOLIA MEDICAL CLINIC

Plaintiffs' s Motion in Limine should be granted because evidence regarding Heather

Cummins' reason for or cause of death is inadmissable as irrelevant under Federal Rules

of Evidence 401, 402 and/or 403.

In this action the Equal Employment Opportunity Commission (EEOC) alleged that

Heather Cummins was subjected to sexual harassment by the Defendant's owner and

president and that she was constructively discharged in retaliation for opposing the sexual

harassment.

Ms. Cummins' reason for ceasing her employment with Magnolia Medical Clinic is

irrelevant as to the material issues in this case. "Relevant evidence means evidence

having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the

evidence." Federal Rule Of Evidence 401. Ms. Cummins was employed by Magnolia

103

Medical Center subsequent to leaving the Defendant.  The only issue upon which her employment at Magnolia Medical Clinic has any relevance is the computation of back pay, an issue for the judge, not the jury.  The EEOC's  claim for back pay on behalf of Ms. Cummins covers only the period of time from when she left the Defendant's employ until she left Magnolia Medical Center's employ.  The EEOC will stipulate that Ms. Cummins is not entitled to backpay after leaving Magnolia Medical Center.  Therefore, evidence as to why Ms. Cummin's employment at Magnolia Medical Center was terminated is irrelevant and inadmissable.  "...Evidence which is not relevant is not admissible."  Federal Rule Of Evidence 402.  Even if the above were relevant to any issue in this cause, its probative value would be far outweighed by the confusion and prejudice its admission would cause the jury.  It would accordingly be inadmissable.  Federal Rule of Evidence 403.

Furthermore, in order to establish that Ms. Cummins and Magnolia Medical Clinic have asserted different reasons for the termination of Ms. Cummins' employment, the Defendant will have to rely on extrinsic evidence.  "Specific instances of the conduct of a witness, for the purpose of attacking ... the witness' credibility ... may not be proved by extrinsic evidence."  Federal Rule of Evidence 608(b).  "There is no right to impeach a witness with respect to collateral or irrelevant matters." *Jones v. Southern Pacific Railroad*, 962 F. 2d 447, 450 (5th Cir. 1992).

The reason that Ms. Cummins left Magnolia Medical Clinic has no bearing on the material issues in this case and evidence related thereto should be excluded as irrelevant under Federal Rules of Evidence 401, 402, 403 and/or under 608(b) as extrinsic evidence offered to prove a specific instance of conduct for the purpose of attacking Ms. Cummins' credibility.

2

Respectfully submitted,

**ERIC S. DREIBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C.  20507



**CHARLES E. GUERRIER**
Regional Attorney

**PRISCA DELEONARDO**
AL Bar # ASB - 6535 - D67P
Supervisory Trial Attorney

**PAMELA K. AGEE**
AL Bar # ASB-1713-A52P
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street S, Suite 2000
Birmingham, AL  35203-2397
Telephone:  (205) 731-1299

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record by First

3

Class U.S. Mail, postage prepaid.

**DONE** this 30th day of _December_, 2003

_Pamela K. G._

**PAMELA K. AGEE**

4